United States District Court
Southern District of Texas
ENTERED
March 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Johnathon B.K. Henry, §<br>§<br>Plaintiff, §<br>versus §<br>§<br>Captain Carlos A. Applewhite, et al., §<br>§<br>Defendants. § | Civil Action H-20-2085 |

## Opinion on Final Dismissal

Jonathan Henry, who filed this civil rights complaint while incarcerated at the Estelle Unit in Huntsville, Texas, says that the defendants were deliberately indifferent to his serious medical needs and violated his due process rights during a disciplinary charge of organized crime. Henry now lives at a private residence. The court ordered Henry to offer more facts about his claims. The court also requested authenticated records about his claims from the prison system.

I.  Background

On January 10, 2020, Henry says he received notice of a major disciplinary case for organized crime, Case No. 20200104819. The charge description said that a UTMB employee named Henry as a participant in a scheme to distribute drugs in the prison. On January 17, 2020, Henry saw Defendant Williams for a mental health checkup. Henry says that, despite the record notes, Williams did not ask him about the disciplinary hearing. Henry also says that he did not proclaim his innocence to the disciplinary case because Williams did not ask about it. Henry does not say what they discussed on January 17. Henry also says that Williams falsified a clearance for the disciplinary case.

1

On January 22, 2020, Henry met his counsel substitute to discuss the disciplinary case and his plea to the charge. Henry told his counsel substitute that he: (a) was not guilty; (b) wanted to attend the disciplinary hearing; and (c) "didn't want to talk to anybody[.]" Henry's substitute counsel sent him a copy of the disciplinary case and a notification of his rights the next day through the prison mail system.

On January 24, 2020, Henry saw his substitute counsel again to discuss the case. Henry offered his counsel substitute a "list for his defense." Henry offers this list as Exhibit D to his complaint. The document is a series of questions about the charge. Defendant Applewhite, who was also present, told him that Henry was on camera picking up drugs. Applewhite offered to help Henry if he told Applewhite about the charge. Henry said that he didn't have anything to do with the drugs because he wanted to be released on parole. Henry says that his substitute counsel and Applewhite conducted the disciplinary hearing without him after Henry left the meeting. Henry says that he could not personally call and question witnesses, present evidence, and question the charging officer.

On February 7, 2020, Henry received his disciplinary hearing results, which found him guilty. Henry says that the prison system revoked an unspecified number of good time credits. Henry says that the prison system moved him into G-5 segregated housing where smoke and chemical agents made him cough and "breathe hard." Henry says that he appealed the determination of guilt. Henry claimed that he could not call witnesses at the disciplinary hearing, there was no evidence supporting the finding of guilt, and that the factfinders did not give him the reasons he was found guilty.

Henry says that defendant Williams was deliberately indifferent to his serious medical needs by falsifying a mental health record. Henry also unrelatedly says that unnamed defendants were deliberately indifferent to his serious medical needs by taking his tuberculosis medication from February to May 2000. Finally, Henry says that the other defendants

2

violated his due process rights during the disciplinary proceeding because he was not present for the hearing, could not call witnesses on his behalf or examine opposing witnesses, and the determination of guilt lacked evidence to support the finding. Henry also says that he didn't receive proper notice of the decision, which affected his appeal of the determination of guilt.

Henry requests injunctive relief and compensatory and punitive damages. Henry wants his disciplinary case overturned and his line class and good time restored. Henry also wants $115,000 total in compensatory damages from the defendants for physical and emotional injuries. Henry also requests $53,000 total in punitive damages.

II. Deliberate Indifference Claims

Henry first says that defendant Williams was deliberately indifferent to his serious medical needs by falsifying the January 17, 2020, mental health record. Henry says that Williams wrote that she spoke to him on January 17, 2020, about a disciplinary case for organized crime, Case Number 202000104819. However, Williams did not speak to him about the case. Henry says that he suffered undisclosed physical injuries and emotional distress because of William's actions. Henry also says that unnamed medical providers were deliberately indifferent to his serious medical needs by discontinuing his tuberculosis medication from February to May 2020.

Henry must say that a defendant was aware of facts that could infer a substantial risk of serious harm to his health and that the defendant actually inferred the substantial risk. Henry must show that any defendant refused to treat him, ignored his complaints, intentionally treated him incorrectly, or conducted themselves in a way that showed a wanton disregard for any serious medical needs. Incorrect diagnoses, unsuccessful medical treatment, or even medical malpractice or negligence are not deliberate indifference. Any delay in treatment must also have resulted in substantial harm to Henry.

3

Henry's allegations do not state a claim for deliberate indifference. First, Henry does not say that Williams refused to treat him or disregarded his medical needs. Instead, Henry says that Williams made a false statement about the discussion on January 17. Second, Henry only makes conclusory claims that Williams caused a physical injury. Henry offers no plausible facts indicating that falsifying a discussion about a disciplinary case had any bearing on his physical health, caused injury, or impacted his disciplinary case. For example, Henry does not describe any injury or how it impacted his disciplinary case.

Second, Henry offers only conclusory statements that medical providers were deliberately indifferent to his serious medical needs by denying him tuberculosis medication. Henry offers no additional information about their supposed denial of medication. The medical records say that he refused his tuberculosis medication on February 2, 2020, and for several days after, despite providers educating Henry on the medication's necessity. Medical providers discontinued the medication as a result. On April 29, 2020, Henry agreed to retake the medication. Providers reordered the medication, and Henry restarted the medication on May 5, 2020. Regardless, Henry does not otherwise show that any temporary discontinuation of medication caused him injury past a non-descriptive and conclusory allegation of injury. These claims are denied because Henry offers nothing more than a conclusory statement that any defendant was deliberately indifferent to his serious medical needs.

III. Disciplinary Case Claim

Henry says that the defendants violated his due process rights during his disciplinary hearing for participating in organized crime. Henry says that he was not present for the hearing, could not call witnesses on his behalf or examine opposing witnesses, and that the determination of guilt lacked evidence to support the finding. Henry also says that he did not receive sufficient notice of the results, so he could not adequately appeal.

Henry does not state a claim for relief about his disciplinary case. A claim challenging a disciplinary case that would lead to a necessary restoration of good time credits is not cognizable in a civil rights complaint until the disciplinary case has been overturned or called into question by a federal court's issuance of a writ of habeas corpus. Instead, prisoners must make these claims in a habeas corpus petition because the validity of the disciplinary case would affect the duration of their confinement. A prisoner must bring the claims in a habeas petition regardless of whether the prisoner seeks monetary or injunctive relief. Henry explicitly seeks restoration of his good time credits, potentially shortening the amount of time he would spend in prison. Henry does not say that a state tribunal or a federal court has overturned or called his disciplinary case into question. Records also do not reflect that the disciplinary case has been overturned or otherwise called into question. Therefore, his claim is not cognizable in this civil rights action, and he also may not seek injunctive or monetary relief.

The court will not construe the complaint as a habeas petition because Henry does not show that the defendants violated his rights. Disciplinary proceedings are not criminal prosecutions, and prisons do not need to offer prisoners the same constitutional protections. For example, a prisoner does not have the right to confrontation or cross-examination of witnesses during a disciplinary proceeding. However, the revocation of good time credits must comply with minimal procedural protections. A prisoner is entitled to: (a) twenty-four hours advance written notice of the charges; (b) an opportunity to call witnesses and present evidence in his defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (c) a written statement by the factfinders as to the evidence relied on and the reason for the disciplinary action.

Henry says that he received written notice of the disciplinary charge. While he says that he did not receive an explanation behind the finding of guilt, Henry says that he received written notice of the finding of guilt. The

5

records show that the evidence supporting the finding was attached to that notice, which undercuts his conclusory statement that Henry did not receive an explanation. Henry does say that he could not personally call and question witnesses, present evidence, and question the charging officer. However, Henry only makes a conclusory statement that he could not present witnesses. Henry does not, for example, offer a list of witnesses or evidence that he wanted to present. Henry also does not say that any potential witness would have presented evidence beneficial to him.

Finally, Henry does not offer plausible facts that any potential witness could have testified. The disciplinary charge involved drug dealing within the prison. The records about the disciplinary hearing indicate that prison officials were investigating how many staff and inmates were involved in the scheme around the same time as the disciplinary hearing. Henry does not offer plausible facts that any potential witness would be allowed to testify, noting that potential testimony could negatively impact these investigations and harm the prison's institutional goal in combating drug use in prison. Ultimately, because Henry does not offer facts showing that any defendant violated his procedural rights, he does not state a claim for relief even if the court construed the civil rights complaint as a habeas petition.

IV. Conclusion

The case will be dismissed with prejudice for not stating a claim for relief.

Signed at Houston, Texas, on March 16, 2022.

Lynn N. Hughes
United States District Judge